**Cherry K. HOUCK, Plaintiff–Appellant,**

v.

**VIRGINIA POLYTECHNIC INSTITUTE and STATE UNIVERSITY, Defendant–Appellee.**

No. 92–1234.

United States Court of Appeals, Fourth Circuit.

Argued March 29, 1993.

Decided Oct. 27, 1993.

Harriet Dickinson Dorsey, Blacksburg, VA, argued, for plaintiff-appellant.

Jerry Dean Cain, General Counsel and Sp. Asst. Atty. Gen., Virginia Polytechnic Insti-

tute and State University, Blacksburg, VA, argued (Mary Sue Terry, Atty. Gen. of Virginia, Kay Heidbreder, Associate Gen. Counsel, on brief), for defendant-appellee.

Before WIDENER and WILKINSON, Circuit Judges, and HILTON, United States District Judge for the Eastern District of Virginia, sitting by designation.

## OPINION

HILTON, Senior District Judge:

Appellant Cherry K. Houck is a Professor at Virginia Polytechnic Institute and State University in the College of Education's Curriculum. and Instruction Division. She sued the appellee university for violating the Equal Pay Act for fiscal years 1988–89, 1989–90, and 1990–91. 29 U.S.C. § 206(d)(1). After hearing part of her evidence *ore tenus*, hearing oral arguments and asking questions to counsel, and after both parties stipulated the balance of the evidence and proffered exhibits, the District Court dismissed her suit under Rule 50 of the Federal Rules of Civil Procedure for failing to establish a *prima facie* case under the Equal Pay Act.

Appellant testified that men in her department received higher pay than she did despite having the same skill, effort, and responsibility and working conditions. Without identifying colleagues or reciting facts on which any specific job comparison could be made, Professor Houck testified that there were men in her division who both made more and less than she did. She testified that she considers her job to be of equal skill, effort and responsibility under the same working conditions as unspecified male comparators. This comparison was based solely on when she saw various men and women colleagues in their offices.

Appellant stipulated statistical testimony of Dr. Donald Gantz of George Mason University that there· existed men of all ranks and equal ranks in the same division and college that received higher merit salary adjustments than Dr. Houck. Dr. Gantz made statistical charts that purported to adjust for factors such as calendar year versus academic year, cost of living adjustments for

Northern Virginia faculty, and "equity" to conclude that Professor Houck received lower salary adjustments than males in her division.

Appellant stipulated testimony of fellow faculty members Dr. Terry Graham, Dr. Susan Asselin, and Dr. Larry Harris that Dr. Houck is isolated and disliked by many in her division. Finally, appellant stipulated testimony of various other faculty members to attack the university's merit pay system.

There are twenty males in the Curriculum and Instruction Division and fewer than ten females. University records indicate that during the years in question, Professor Houck received an average raise of 7.03% compared to the 6.23% raise males in her division received.

The District Court ruled against the plaintiff because she failed to compare herself to a particular male comparator. The court noted that she compared herself to a hypothetical male, not a male that exists. When the court asked appellant to identify her male comparator, she responded, "the comparators are any men who got any higher salary increases than she did, any and all of them." She could not identify a particular male comparator from the trial record when queried by this court either.

■ In order to establish a *prima facie* case under the Equal Pay Act, the plaintiff must show that she receives less pay than a male coemployee performing work substantially equal in skill, effort, and responsibility under similar working conditions. This comparison must be made factor by factor with the male comparator. The plaintiff may not compare herself to a hypothetical male with a composite average of a group's skill, effort, and responsibility, but must identify a particular male for the inquiry. *EEOC v. Liggett & Myers, Inc.*, 690 F.2d 1072, 1076–78 (4th Cir.1982).

■ The District Court properly found that appellant failed to make a *prima facie* case. Appellant failed to identify any individual comparators. The closest Dr. Houck ever got to establishing a comparator was in questioning by the court. The court inquired if a comparison was made with a person promoted simultaneously with appellant. Houck responded that two males were so promoted and that one received a greater and one a lesser percentage raise than she did. She presented no evidence as to their responsibilities. Without further evidence, as long as there were men receiving less pay than Professor Houck, it is just as likely that their jobs were comparable as the jobs of ones who may have made more.

Professor Houck's testimony merely stated her unsupported legal conclusion without any concrete comparison. She did not compare teaching loads other than to state that her load was low and that other faculty members taught more students. She did not reveal whether her hypothetical comparisons taught on an academic or calendar year basis. Nor did she compare her research to anyone else's research or compare her level of service to that of other faculty members. Although roughly two thirds of her colleagues in her division are males, she failed to identify and compare herself in any way to any male receiving a higher level of compensation.

Dr. Gantz' testimony did not bolster appellant's case because he did not identify any relevant comparators either. It is impossible to determine whether Dr. Gantz compared assistant, associate or full professors. Also, his charts did not compare salaries of Dr. Houck with specific males having similar jobs or levels of performance.

The stipulated testimony of the faculty members regarding Dr. Houck's purported isolation within the College of Education was irrelevant to establishing a *prima facie* case because it shed no light on the required comparisons.

In sum, the court correctly reasoned that appellant did not establish a *prima facie* Equal Pay Act case on the grounds that appellant did not single out an actual comparator instead of a hypothetical one. Yet, even if she had identified an individual comparator, that may not have been enough to establish a *prima facie* case. As this court has recently pointed out in the Title VII context, isolated incidents or random comparisons demonstrating disparities in treat-

ment may be insufficient to draw a *prima facie* inference of discrimination without additional evidence that the alleged phenomenon of inequality also exists with respect to the entire relevant group of employees. *See Cook v. CSX Transportation Corp.*, 988 F.2d 507, 511–512 (4th Cir.1993).

■ Besides disputing whether appellant established a *prima facie* case, Professor Houck also argues that the District Court erred in failing to find as a matter of law that the Virginia Tech did not have a bona-fide merit system in the college of education. After the plaintiff establishes a *prima facie* Equal Pay Act case, the burden shifts to the employer to prove, by a preponderance of the evidence, that the pay differential is justified by one of the four statutory exemptions of a seniority system, a merit system, a system which measures earnings by quantity or quality of production or a differential based on any other factor other than sex. *E.E.O.C. v. Aetna Insurance Company*, 616 F.2d 719, 724 (4th Cir.1980). Because the plaintiff failed to establish a *prima facie* case, the affirmative defense of a merit system was not before the court and no ruling on the issue was necessary.

Finally, appellant argues that the District Court erred in finding that Houck's salary was justified by factors other than sex. The court actually never made such a finding. As in the affirmative defense of a merit system, the affirmative defense of factors other than sex was not before the court because the appellant did not establish a *prima facie* case. *Id.*

For the foregoing reasons, the District's Court's ruling is

*AFFIRMED.*