**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JEANETTE E. BOYD,
Plaintiff-Appellant,

v.

RUBBERMAID COMMERCIAL PRODUCTS,
INCORPORATED,
Defendant-Appellee.

No. 96-2233

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, District Judge.
(CA-96-8-A)

Submitted: January 13, 1998

Decided: February 11, 1998

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas A. Schultz, Jr., Winchester, Virginia, for Appellant. Christine
H. Perdue, Elizabeth C. Smith, HUNTON & WILLIAMS, McLean,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Jeanette Boyd appeals from the district court's order granting summary judgment in favor of Rubbermaid Commercial Products, Inc., in her employment discrimination action. Boyd alleges that she received less pay than a similarly situated male employee in violation of the Equal Pay Act (EPA), 29 U.S.C. § 206(d) (1994). Boyd also asserts that Rubbermaid retaliated against her in violation of the EPA. Finding no error, we affirm.

First, we find that Boyd's claim of discrimination under the EPA fails. To establish a prima facie case of discrimination under the EPA, a female plaintiff "must demonstrate (1) that she is receiving lower wages than a male co-worker (2) for equal work requiring equal skill, effort, and responsibility." Keziah v. W.M. Brown & Son, Inc., 888 F.2d 322, 324 (4th Cir. 1989). Once a plaintiff has established a prima facie case, the burden shifts to the defendant to prove that the difference in salary is justified by one or more of the four statutory exemptions: "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." 29 U.S.C. § 206(d)(1) (1994); Equal Employment Opportunity Comm'n v. Aetna Ins. Co., 616 F.2d 719, 724 (4th Cir. 1980) (quoting § 206(d)(1)). If the defendant successfully meets this burden, then the plaintiff's claim fails "unless the plaintiff can satisfactorily rebut the defendant's evidence." Strag v. Board of Trustees, 55 F.3d 943, 948 (4th Cir. 1995).

This court will assume, without deciding, that Boyd's claim that Rubbermaid discriminated against her based on her gender because she was paid less than a male traffic scheduler is sufficient to make out a prima facie violation of the EPA. See Houk v. Virginia Polytechnic Inst. & State Univ., 10 F.3d 204, 206 (4th Cir. 1993). After a review of the record, however, we find that Boyd's claim fails because she does not sufficiently rebut Rubbermaid's evidence establishing that the pay differential is justified by its nondiscriminatory merit system. See Strag, 55 F.3d at 948. Rubbermaid's merit system takes into account the employee's performance rating and the

2

employee's position within the applicable salary range. Longevity also plays a role in an employee's progression through a particular range. The record reveals that Boyd moved through the salary range in accordance with the merit system. Furthermore, the record shows that based on her male counterpart's performance ratings and longevity, Rubbermaid's merit system justifies his higher salary. Thus, because Boyd fails to sufficiently rebut Rubbermaid's claim that the merit system exception applies and because she does not establish that Rubbermaid's merit system discriminates against her based upon her gender, we find her claim unavailing. See id.

Next, Boyd claims that Rubbermaid retaliated against her for filing an earlier EPA claim by lowering her performance evaluation in 1992 and by terminating her employment in its 1995 corporate downsizing. We find no merit in this claim either. To establish a prima facie case of retaliation a plaintiff must show that (1) she engaged in a protected activity, (2) her employer took adverse action against her, and (3) a sufficient causal connection existed between her protected activity and her employer's adverse action. See McNairn v. Sullivan, 929 F.2d 974, 980 (4th Cir. 1991). Once a plaintiff has established a prima facie case, the burden shifts to the defendant to establish that the adverse action was the result of a legitimate, nonretaliatory reason. See Equal Employment Opportunity Comm'n v. Western Elec. Co., 713 F.2d 1011, 1014 (4th Cir. 1983). The plaintiff, however, retains the burden of proving intentional discrimination, which may be established by showing that the defendant's proffered reason is pretextual. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993).

Boyd engaged in the protected activity of filing a lawsuit against Rubbermaid, and Rubbermaid took adverse employment action when it subsequently lowered her performance rating and terminated her position. Boyd's claims, however, fail because she does not show a causal connection between these events and because she fails to show that Rubbermaid's legitimate nonretaliatory reasons are pretextual. See St. Mary's Honor Ctr., 509 U.S. at 506-08. The unrebutted evidence in the record reveals that, in compliance with company policy, Rubbermaid lowered Boyd's performance rating as a result of her poor attendance. Further, the record shows that Rubbermaid terminated Boyd's position, along with eighteen other salaried positions,

3

during its downsizing and that because Boyd was the least senior load planner, her position was the load planner position eliminated.

We therefore affirm the order of the district court granting summary judgment in favor of Rubbermaid. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4