83 F.3d 415
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
William M. HARRIS, Plaintiff-Appellant,
v.
RECTOR AND BOARD OF VISITORS OF THE UNIVERSITY OF VIRGINIA;
The University of Virginia Department of Urban and
Environmental Planning; William Lucy; David Phillips; A.
Bruce Dotson; Richard Collins; Daphne Spain; Timothy
Beatley; Harry Porter, Defendants-Appellees.
 No. 95-1319.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 9, 1996.
Decided April 25, 1996.
 
 Appeal from the United States District Court for the Western District of Virginia, at Charlottesville. James H. Michael, Jr., Senior District Judge. (CA-93-25)
 Margaret M. Cain, Charlottesville, Virginia, for Appellant. John W. Garland, Special Assistant Attorney General, Beth C. Hodsdon, Associate General Counsel/Special Assistant Attorney General, UNIVERSITY OF VIRGINIA, Charlottesville, Virginia, for Appellees.
 W.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant William M. Harris appeals the district court's decision granting Appellees' motion to dismiss a number of Harris's civil rights claims, and granting Appellees' motion for summary judgment as to the remainder of the claims. Harris claimed Appellees violated Title VII, 42 U.S.C. §§ 2000e-5 (West 1994), 42 U.S.C.A. § 1981 (West 1994), and 42 U.S.C. § 1983 (1988) by retaliating and discriminating against him. Finding no error, we affirm.
 
 I.
 
 2
 Harris is an African-American professor in the Department of Urban and Environmental Planning ("Department") at the University of Virginia ("UVA"). Appellees are the Rector and Board of Visitors of UVA, Harry Porter, who is Dean of the School of Architecture, and several Department professors. Harris claimed Appellees discriminated against him because of his race by refusing to appoint him Department Chair; he also claimed their refusal was in retaliation for his earlier complaints about racism in the Department.
 
 
 3
 Upon Appellees' motion to dismiss, the district court dismissed the Title VII and § 1983 claims against the Department professors. Upon Appellees' motion for summary judgment, the district court found for Appellees on Harris's remaining Title VII and § 1981 claims.
 
 II.
 
 4
 This Court reviews de novo a district court's decision granting a FED. R. CIV. P. 12(b)(6) motion to dismiss. Mylan Lab. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993), cert. denied, ___ U.S. ___, 62 U.S.L.W. 3623 (U.S. Mar. 21, 1994) (No. 93-1282).
 
 
 5
 The district court properly dismissed Harris's § 1983 claims because he did not have a property interest in the chairmanship position. To sufficiently state a § 1983 race discrimination claim, a plaintiff must allege the deprivation of a property interest secured by the Constitution or state law. Hafer v. Melo, 502 U.S. 21, 26 (1991). A property interest exists only if the plaintiff clearly has "more than an abstract need or desire for it." Board of Regents v. Roth, 408 U.S. 564, 577 (1972). The plaintiff must have a "legitimate claim of entitlement" to the property interest, rather than a "unilateral expectation of it." Id. In cases involving employment at a state university, the plaintiff must allege that the property interest was created and defined by the terms of his employment. Id. at 578.
 
 
 6
 Harris failed to allege that the terms of his employment created and defined a property interest in the chairmanship position. Indeed, his complaint was completely silent on the matter. Additionally, he did not dispute Appellees' argument that professors are not entitled to a chairmanship merely by the fact of their employment. Accordingly, Harris did not have a property interest in the chairmanship position and the district court properly found that Harris failed to adequately allege a § 1983 claim.
 
 
 7
 Additionally, to the extent Harris challenges the dismissal of his Title VII claims against the Department professors, he waived his right to appeal this issue by failing to specifically object to the magistrate judge's report recommending the dismissal of this claim. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir.1985).
 
 III.
 
 8
 This Court reviews de novo a district court's grant of summary judgment. Foster v. American Home Prods. Corp., 29 F.3d 165, 168 (4th Cir.1994). Summary judgment is appropriate if there is no genuine issue of material fact to lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986).
 
 
 9
 The district court held that Harris failed to establish his Title VII and § 1981 race discrimination claims. Both claims require proof of the same elements. Gairola v. Commonwealth of Virginia Dep't of General Servs., 753 F.2d 1281, 1285 (4th Cir.1985). To succeed on such claims, a plaintiff must establish a prima facie case that (1) he was a member of a protected class; (2) he was qualified for the position; (3) he was refused the position despite his qualifications; and (4) the employer selected a similarly-qualified person of another racial group for the position. McDonnell Douglas Corp v. Green, 411 U.S. 792, 802 (1973). If the plaintiff advances a prima facie case, the employer may present a non-discriminatory reason for its refusal to appoint the plaintiff. Page v. Bolger, 645 F.2d 227, 230-31 (4th Cir.), cert. denied, 454 U.S. 892 (1981). The plaintiff must then show that the defendant's proffered reason is merely a pretext for intentional discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). A pretext exists only if the plaintiff shows both that the defendant's proffered reason is false and that discrimination was the actual reason for the refusal to appoint him. Jiminez v. Mary Washington College, 57 F.3d 369, 378 (4th Cir.) (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993)), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3311, and 64 U.S.L.W. 3316 (U.S. Oct. 30, 1995) (No. 95-396).
 
 
 10
 Even if Harris could prove a prima facie case, his claim fails because he did not show a pretext. Appellees contended they did not give Harris the chairmanship because Harris had poor relations with Department professors, missed meetings and classes, and received some negative student evaluations. Harris did not dispute the truth of this non-discriminatory reason, but merely claimed that the very fact Appellees did not appoint him Chair established a pretext. Such a response is insufficient to establish a pretext, as it does not show that Appellees' proffered reason is false or that they intentionally discriminated against him.
 
 
 11
 Additionally, Harris's Title VII retaliation claim fails because he did not show a causal connection between his complaints about Department racism and Appellees' refusal to appoint him. See McNairn v. Sullivan, 929 F.2d 974, 980 (4th Cir.1991). Not only did the complaints occur thirty-five months prior to the appointment of a Chair, but Harris presented no evidence linking the events. See Carter v. Ball, 33 F.3d 450, 460 (4th Cir.1994) (temporal proximity between protected activity and adverse employment decision is element of causality).
 
 
 12
 Accordingly, we affirm the district court's decision.
 
 
 13
 AFFIRMED.