UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

WILLIAM M. HARRIS,
Plaintiff-Appellant,

v.

RECTOR AND BOARD OF
VISITORS OF THE UNIVERSITY OF
VIRGINIA; THE UNIVERSITY OF

No. 95-1319

VIRGINIA DEPARTMENT OF URBAN AND
ENVIRONMENTAL PLANNING; WILLIAM
LUCY; DAVID PHILLIPS; A. BRUCE
DOTSON; RICHARD COLLINS; DAPHNE
SPAIN; TIMOTHY BEATLEY; HARRY
PORTER,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CA-93-25)

Submitted: April 9, 1996

Decided: April 25, 1996

Before WIDENER, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

Margaret M. Cain, Charlottesville, Virginia, for Appellant. John W.
Garland, Special Assistant Attorney General, Beth C. Hodsdon, Asso-

ciate General Counsel/Special Assistant Attorney General, UNIVER-
SITY OF VIRGINIA, Charlottesville, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

OPINION

PER CURIAM:

Appellant William M. Harris appeals the district court's decision
granting Appellees' motion to dismiss a number of Harris's civil
rights claims, and granting Appellees' motion for summary judgment
as to the remainder of the claims. Harris claimed Appellees violated
Title VII, 42 U.S.C. SS 2000e-5 (West 1994), 42 U.S.C.A. S 1981
(West 1994), and 42 U.S.C. S 1983 (1988) by retaliating and discrimi-
nating against him. Finding no error, we affirm.

I.

Harris is an African-American professor in the Department of
Urban and Environmental Planning ("Department") at the University
of Virginia ("UVA"). Appellees are the Rector and Board of Visitors
of UVA, Harry Porter, who is Dean of the School of Architecture, and
several Department professors. Harris claimed Appellees discrimi-
nated against him because of his race by refusing to appoint him
Department Chair; he also claimed their refusal was in retaliation for
his earlier complaints about racism in the Department.

Upon Appellees' motion to dismiss, the district court dismissed the
Title VII and S 1983 claims against the Department professors. Upon
Appellees' motion for summary judgment, the district court found for
Appellees on Harris's remaining Title VII and S 1981 claims.

II.

This Court reviews de novo a district court's decision granting a
FED. R. CIV. P. 12(b)(6) motion to dismiss. Mylan Lab. v. Matkari, 7

2

F.3d 1130, 1134 (4th Cir. 1993), cert. denied , ___ U.S. ___, 62 U.S.L.W. 3623 (U.S. Mar. 21, 1994) (No. 93-1282).

The district court properly dismissed Harris's S 1983 claims because he did not have a property interest in the chairmanship position. To sufficiently state a S 1983 race discrimination claim, a plaintiff must allege the deprivation of a property interest secured by the Constitution or state law. Hafer v. Melo, 502 U.S. 21, 26 (1991). A property interest exists only if the plaintiff clearly has "more than an abstract need or desire for it." Board of Regents v. Roth, 408 U.S. 564, 577 (1972). The plaintiff must have a "legitimate claim of entitlement" to the property interest, rather than a"unilateral expectation of it." Id. In cases involving employment at a state university, the plaintiff must allege that the property interest was created and defined by the terms of his employment. Id. at 578.

Harris failed to allege that the terms of his employment created and defined a property interest in the chairmanship position. Indeed, his complaint was completely silent on the matter. Additionally, he did not dispute Appellees' argument that professors are not entitled to a chairmanship merely by the fact of their employment. Accordingly, Harris did not have a property interest in the chairmanship position and the district court properly found that Harris failed to adequately allege a S 1983 claim.

Additionally, to the extent Harris challenges the dismissal of his Title VII claims against the Department professors, he waived his right to appeal this issue by failing to specifically object to the magistrate judge's report recommending the dismissal of this claim. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985).

III.

This Court reviews de novo a district court's grant of summary judgment. Foster v. American Home Prods. Corp. , 29 F.3d 165, 168 (4th Cir. 1994). Summary judgment is appropriate if there is no genuine issue of material fact to lead a rational trier of fact to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-49 (1986).

3

The district court held that Harris failed to establish his Title VII and S 1981 race discrimination claims. Both claims require proof of the same elements. Gairola v. Commonwealth of Virginia Dep't of General Servs., 753 F.2d 1281, 1285 (4th Cir. 1985). To succeed on such claims, a plaintiff must establish a prima facie case that (1) he was a member of a protected class; (2) he was qualified for the position; (3) he was refused the position despite his qualifications; and (4) the employer selected a similarly-qualified person of another racial group for the position. McDonnell Douglas Corp v. Green, 411 U.S. 792, 802 (1973). If the plaintiff advances a prima facie case, the employer may present a non-discriminatory reason for its refusal to appoint the plaintiff. Page v. Bolger, 645 F.2d 227, 230-31 (4th Cir.), cert. denied, 454 U.S. 892 (1981). The plaintiff must then show that the defendant's proffered reason is merely a pretext for intentional discrimination. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981). A pretext exists only if the plaintiff shows both that the defendant's proffered reason is false and that discrimination was the actual reason for the refusal to appoint him. Jiminez v. Mary Washington College, 57 F.3d 369, 378 (4th Cir.) (citing St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993)), cert. denied, ___ U.S. ___, 64 U.S.L.W. 3311, and 64 U.S.L.W. 3316 (U.S. Oct. 30, 1995) (No. 95-396).

Even if Harris could prove a prima facie case, his claim fails because he did not show a pretext. Appellees contended they did not give Harris the chairmanship because Harris had poor relations with Department professors, missed meetings and classes, and received some negative student evaluations. Harris did not dispute the truth of this non-discriminatory reason, but merely claimed that the very fact Appellees did not appoint him Chair established a pretext. Such a response is insufficient to establish a pretext, as it does not show that Appellees' proffered reason is false or that they intentionally discriminated against him.

Additionally, Harris's Title VII retaliation claim fails because he did not show a causal connection between his complaints about Department racism and Appellees' refusal to appoint him. See McNairn v. Sullivan, 929 F.2d 974, 980 (4th Cir. 1991). Not only did the complaints occur thirty-five months prior to the appointment of a Chair, but Harris presented no evidence linking the events. See Carter

4

v. Ball, 33 F.3d 450, 460 (4th Cir. 1994) (temporal proximity between protected activity and adverse employment decision is element of causality).

Accordingly, we affirm the district court's decision.

AFFIRMED

5