**Edith E. McNAIRN, Plaintiff–Appellant,**

v.

**Louis W. SULLIVAN, Secretary of Health & Human Services, Defendant–Appellee.**

No. 89–1792.

United States Court of Appeals, Fourth Circuit.

Argued May 11, 1990.

Decided April 1, 1991.

As Amended May 6, 1991.

Maurice Baskin, Venable, Baetjer, Howard & Civiletti, Washington, D.C., for plaintiff-appellant.

Timothy M. White, Office of the General Counsel, U.S. Dept. of Health and Human Services, Washington, D.C., for defendant-appellee.

Before WIDENER and PHILLIPS, Circuit Judges, and SMITH, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

SMITH, Senior Circuit Judge:

## Introduction

Edith McNairn was denied a promotion and subsequently terminated from her employment with the United States Department of Health and Human Services ("HHS"). She filed an action alleging that HHS violated Title VII of The Civil Rights Act of 1964.[1] The complaint comprises counts of refusal to promote based on discriminatory treatment and disparate impact, discriminatory termination and retaliatory termination. The magistrate judge

1. 42 U.S.C. § 2000e (1988).

found that there was no discriminatory motive involved in the HHS's employment decisions, and the United States District Court for the District of Maryland entered the order upon the magistrate judge's recommendation. On appeal, McNairn asserts that the magistrate judge's findings are clearly erroneous.

## Facts

McNairn, plaintiff-appellant, was employed as a clerk/typist in the early 1980s in the Office of Equal Employment Opportunity and Civil Rights ("EEOCR") of the Food and Drug Administration ("FDA") of the United States Department of Health and Human Services ("HHS"). Her employment with EEOCR commenced pursuant to a Memorandum of Understanding signed by the FDA on July 1, 1982. The memorandum resolved plaintiff's earlier complaint of racial discrimination filed against the Bureau of Veterinary Medicine of the FDA for refusing to extend her temporary appointment. The agreement specified that plaintiff's appointment was extended for thirty days and that her performance would be evaluated by the EEOCR Director, Marshall Ford. Acceptable performance by plaintiff would result in extension of the temporary appointment or placement in a suitable position. The appointment was extended until October of 1982, and then again until October of 1983.

Plaintiff started work for the EEOCR at the grade level of GS-3. In May of 1982, plaintiff received a Notice of Rating, based on self-certification, that she was eligible for a promotion to GS-4. Subsequently, plaintiff asked Ford for a promotion to GS-4. In July of 1982, Ford told plaintiff that he would consider promoting her to a GS-4 in October. In early October, Ford refused to give her the promotion, although he extended her temporary appointment for a year. Later that month, after plaintiff helped out when someone went on vacation, Ford said that he would file for the promotion. However, the following Monday, he changed his mind and claimed that her typing was not acceptable for a GS-4.

Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") complaint in February of 1983 after speaking with a counselor. Plaintiff testified that after filing the complaint, the office environment became hostile making it impossible to perform. In October of 1983, Ford decided not to renew plaintiff's appointment. Denying that the EEOC complaint had any effect, Ford stated that his decision was made because she still made typing mistakes, did not follow instructions and was caustic with other employees.

After pursuing administrative remedies, plaintiff filed suit in the United States District Court for the District of Columbia in April of 1985. She alleged discrimination based on race and national origin in violation of Title VII of The Civil Rights Act of 1964, as amended. The case was transferred to the District of Maryland in June of 1985. Defendant's motion to dismiss was granted by the district court and subsequently remanded by this court. 850 F.2d 689. Counsel was appointed for plaintiff who filed an amended complaint on October 13, 1988.

The amended complaint claims unlawful refusal to promote based on discriminatory treatment and disparate impact theories, discriminatory termination and retaliatory termination. Pursuant to the parties' consent, the case was assigned to proceed before a United States Magistrate Judge, who denied defendant's motion for summary judgment and held a trial. The magistrate found that plaintiff failed to prove that EEOCR's employment decisions were motivated by a discriminatory purpose. Dissatisfied with the magistrate judge's decision, plaintiff appeals to this court, asserting clear error.

**2.** Fed.R.Civ.P. 52(a).

**3.** "Findings of fact ... shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *Id.*

**4.** 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

**5.** *Id.*

### Issue and Standard of Review

The question on appeal is whether iniquitous discrimination motivated HHS to refuse to promote and to terminate the employment of McNairn.

The district court found that HHS did not discriminate against McNairn. As a question of fact, that finding may be overturned only if we find it clearly erroneous.[2] We may only review the trial court's findings with great deference especially when the trier of fact has based his decision in part on the credibility of the witnesses.[3]

### Refusal to Promote

**1. Discriminatory Treatment**

Appellant asserts that the district court clearly erred by finding that appellee's refusal to promote McNairn was not motivated by a discriminatory purpose. To prove such an allegation, the plaintiff must first establish a prima facie case of discriminatory action. The United States Supreme Court first espoused the elements required to show a prima facie case of unlawful employment discrimination under Title VII in *McDonnell Douglas Corp. v. Green.*[4] The Court acknowledged that the prima facie test could be tailored to fit varying fact situations.[5] At trial, the magistrate judge applied a modified *McDonnell* test to determine if McNairn had established a prima facie case of unlawful discrimination. The test the magistrate judge applied required a showing that: (1) plaintiff is a member of a protected group; (2) plaintiff applied for the position in question; (3) plaintiff was qualified for the position; and (4) plaintiff was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. We conclude that the test applied by the magistrate judge was apt.[6]

**6.** The test set forth in *Wright v. National Archives & Records Serv.,* 609 F.2d 702 (4th Cir. 1979), is the more applicable prima facie test when a refusal to promote claim is asserted in situations involving a specific vacancy or set of vacancies that will be filled by a limited number of applicants.

In such situations, to prove a prima facie case of unlawful discrimination underlying a refusal to promote, a plaintiff must prove that: (1) she

■ We also agree with the conclusion that a prima facie case of unlawful discrimination was "minimally" established under the applied test. First, McNairn came from African and Hispanic descent, both of which are protected groups. Second, McNairn applied for the GS-4 position. Third, it is not disputed that McNairn was eligible for the promotion to GS-4 position. However, the last element is barely met. It requires that the circumstances surrounding the rejection raise an inference of discrimination. The discriminatory circumstances cited by the magistrate judge are that Director Ford promised McNairn a promotion, then retracted his promise and that others were not denied advancement in a similar manner. Albeit minimally, we agree that this fact evidences a discriminatory purpose, adequate to raise an inference of unlawful discrimination.

■ After the plaintiff establishes a prima facie case of unlawful employment discrimination under Title VII, the burden shifts to the defendant to articulate a legitimate non-discriminatory reason for not promoting the plaintiff.[7] HHS asserts that McNairn's work was inadequate to warrant promotion. Both Director Marshall Ford, McNairn's supervisor, and Linda Snyder, plaintiff's immediate supervisor, testified that McNairn performed marginally, consistently made errors and had difficulty following instructions. Consequently, the magistrate judge found that the defendant articulated and supported a legitimate non-discriminatory reason for not promoting McNairn. We see no evidence indicating that the magistrate judge's finding was clearly erroneous. Hence, the burden of production shifts back to plaintiff to show that the reason articulated by HHS was merely a pretext for discrimination.[8]

■ Appellant asserts a whole host of points to suggest that the reason articulated by HHS for not promoting McNairn was pretextual. Appellant points out that appellee did not present evidence indicating that McNairn's rate of error was greater than comparable GS-4s at HHS. However, appellee does not assert that McNairn's job performance was unsatisfactory just based on a high rate of error. Appellee contends that McNairn's *overall* job performance was unsatisfactory. This includes her inability to follow instructions and her caustic work attitude in addition to her poor work product. Therefore, appellee's failure to present raw data which shows that McNairn's rate of error was greater than normal does not militate against the magistrate judge's finding of no pretext.

■ Appellant also asserts that testimony of Ivan King supports their contention that appellee's reason for refusing to promote McNairn was pretextual. King, who was second-in-command of the office, testified that he believed Ford discriminated against McNairn and that her work was comparable to other GS-4s. However, the magistrate judge noted that King testified that McNairn did not do most of his typing, that McNairn was not under his direct supervision, that he did not write McNairn's performance appraisal, and that McNairn was not physically located near him. The magistrate judge as the trier of fact was there to observe and weigh the credibility of the witnesses. Evidently, the magistrate judge determined that Ford was in a better position than King to evaluate McNairn's job performance. As an appellate court we are not authorized to check the credibility determinations made by the trier of fact.[9] In light of the evidence, we

---

is a member of a protected group; (2) she applied for and was qualified for a promotion to a position to which promotions were being offered to persons of her qualifications by her employer; (3) despite her qualifications, she was rejected; and (4) after her rejection, the position remained available by promotion to others of her qualifications. *Id.* at 714. However, this test is not applicable to the situation at bar because the GS-4 position will not be filled by a limited number of applicants. It is open to

all applicants who meet the requisite qualifications including approval by the supervisor.

7. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981).

8. *Id.*

9. *Anderson v. Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985).

do not find clearly erroneous the magistrate judge's finding that the reasons articulated by appellee were not a pretext for discriminating against McNairn.

## 2. Disparate Impact

Appellant claims that HHS's use of subjective promotion criteria had a disparate impact on the class of black and Hispanic employees. Specifically, of all the HHS employees promoted to GS–4, 16% were black and 0% were Hispanic, although of all the HHS employees at the GS–3 level, 23% were black and 5% were Hispanic. Because McNairn is black and Hispanic, she claims that she was affected by this disparate impact. Appellant asserts that the magistrate judge erred by not addressing this claim of discrimination.

█ We conclude that the claim is meritless because the plaintiff failed to establish a prima facie case of disparate impact. To establish a prima facie case of disparate impact, plaintiff must show (1) that there is an underrepresentation of the qualified members in a protected class promoted to the positions at issue and (2) that specific elements of the employer's promotion criteria had a significant disparate impact on the protected class.[10]

█ The first element of the prima facie case is not satisfied because assuming that black and Hispanic GS–3s were underrepresented in the group of GS–3s promoted to the level of GS–4, the plaintiff did not present evidence indicating which of the black and Hispanic GS–3s were qualified to be promoted to the GS–4 level. Furthermore, the second element is not satisfied because plaintiff does not attempt to show that the subjective element of HHS promotion criteria significantly affected qualified blacks' and Hispanics' chances to be promoted. Because plaintiff's proof of disparate impact is woefully lacking in detail, the finding that the refusal to promote McNairn was not the result of discrimination is not clearly erroneous.

## Discriminatory Termination

█ Appellant asserts that the district court clearly erred by finding that appellee's termination of McNairn was not motivated by discrimination. A prima facie case of discriminatory termination requires proof that: (1) plaintiff was a member of a protected group; (2) plaintiff was terminated; (3) plaintiff was qualified to remain in her position; and (4) the position remained open to similarly qualified applicants after plaintiff's dismissal.[11] The district court correctly found that plaintiff established a prima facie case of discrimination. Plaintiff was a member of a protected class, plaintiff was terminated although she was eligible to retain her position, and the position remained open and subsequently was filled by a white person.

HHS asserted at trial that McNairn had been viewed as a marginal employee in the EEOCR since her arrival under the supervision of Ford in July of 1982, and in sixteen months had not performed to the level to which Ford felt necessary to extend her temporary appointment. The magistrate judge noted that the subjective element to these employment decisions and the "perceived animus between plaintiff and her supervisors" cloud the issue of the true motivation behind plaintiff's termination. However, the magistrate judge found and we agree that the reason given by the defendant for not renewing plaintiff's appointment requires plaintiff ultimately to prove unlawful discriminatory motivation.

Appellant asserts that the record does not support appellee's articulated reason that McNairn was given time to improve her work quality and failed to do so. On the contrary, the record does show that McNairn first worked for another bureau of the FDA and was to be terminated. To give McNairn a last chance, the EEOCR office hired her to a temporary position and provided her with 13 to 14 training courses. Unfortunately, McNairn's job performance and attitude failed to improve.

**10.** *Wards Cove Packing Co. v. Atonio,* 490 U.S. 642, 109 S.Ct. 2115, 2125, 104 L.Ed.2d 733 (1989).

**11.** *Williams v. Cerberonics, Inc.,* 871 F.2d 452, 455 (4th Cir.1989).

Additionally, appellant asserts that Ford was not sufficiently trained to evaluate job performance and actually questions the quality of Ford's decision. These superficial arguments do not serve to accurately disparage the finding that appellee's articulated reasons were not pretextual. Title VII does not require that employment decisions be impeccable. It only frowns on employment decisions that are based on "race, color, religion, sex, or national origin...."[12]

Furthermore, appellant asserts that the magistrate judge placed undue reliance on the assumption that equal employment officials are incapable of engaging in discriminatory conduct. Although the basic assumption is alluring, we do not find it to be a legally cognizable assumption.[13] However, we do not conclude that the magistrate judge placed sufficient reliance on the assumption to affect her ultimate finding that appellee was not motivated by a discriminatory purpose. Hence, we affirm the finding of the magistrate judge that no unlawful discrimination occurred.

### Retaliatory Termination

 Appellant also claims that King fired her in retaliation for bringing this lawsuit in violation of 42 U.S.C. § 2000e–3(a). In order to establish a prima facie case of retaliatory termination, plaintiff must prove: (1) that she engaged in protected activity; (2) that the employer took adverse employment action against her; and (3) a causal connection existed between the protected activity and the adverse action.[14]

 The prima facie case was established at trial. First, appellant engaged in protected activity by bringing the unlawful employment discrimination lawsuit. Second, appellant was fired afterward. Third, it can be inferred that the termination was triggered by the lawsuit. However, as in the discriminatory termination count, defendant successfully rebutted the burden by explaining that McNairn was fired because her job performance was unsatisfactory.

Consequently, plaintiff has the ultimate burden of showing pretext by proving that the filing of the discrimination lawsuit was the "motivating part" in the decision to terminate McNairn.[15] We note that Ford took action against McNairn at her next renewal period which was the most immediate, convenient opportunity to do so after she filed her discrimination complaint. However, this fact does not compel us to find differently than we did on the discriminatory termination claim. We do not believe that plaintiff proved that filing the discrimination complaint triggered the EEOCR to terminate her employment. Instead, the evidence shows that plaintiff was terminated because of her unsatisfactory job performance. Accordingly, the finding of the district court was not clearly erroneous, and we affirm.

### Conclusion

On the refusal to promote, discriminatory termination and retaliatory termination counts, the district court found that plaintiff established the requisite prima facie case of discrimination. However, on all three counts, plaintiff failed to prove that HHS's justifications were merely pretextual. On the discriminatory impact claim, the district court found that plaintiff failed to establish a prima facie case of disparate impact. We find that these findings are supported by the record evidence and are not clearly erroneous. Accordingly, we affirm.

*AFFIRMED*

**12.** 42 U.S.C. § 2000e–2(a)(1).

**13.** *See Parker v. Secretary, United States Dep't of Housing & Urban Dev.,* 891 F.2d 316, 322 (D.C. Cir.1989).

**14.** *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir.1985).

**15.** *Price Waterhouse v. Hopkins,* 490 U.S. 228, 244, 109 S.Ct. 1775, 1787, 104 L.Ed.2d 268 (1989).