962 F.2d 7
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John R. LUBITZ, Plaintiff-Appellant,
v.
H. Lawrence GARRETT, III, Secretary of the Department of the
Navy, Defendant-Appellee.
 No. 91-2172.
 United States Court of Appeals,
Fourth Circuit.
 Argued: April 9, 1992
Decided: May 7, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CA-90-1910-N)
 ARGUED: Stephen Gary Merrill, Norfolk, Virginia, for Appellant.
 George Maralan Kelley, III, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 On Brief: Kenneth Rye, Office of General Counsel, DEPARTMENT OF THE NAVY, Bayonne, New Jersey, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON and HAMILTON, Circuit Judges, and KIDD, Senior United States District Judge for the Northern District of West Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The appellant, John R. Lubitz, alleges that the Military Sealift Command's decision not to promote him to the position of Master was on account of national origin discrimination. He asserts claims of disparate treatment, disparate impact and retaliation. The appellee, H. Lawrence Garrett, III, the Secretary of the Navy, moved for a directed verdict at the close of his case. The district court reserved ruling on appellee's motion, but granted it at the conclusion of final arguments, entering its findings of facts on the record. Lubitz appeals from this adverse judgment. Finding no error, we affirm.
 
 
 2
 * Lubitz, a Naturalized United States Citizen born in the Philippines, has been employed by the Military Sealift Command (MSC) since 1967, and was promoted to the rank of First Officer in 1979. In 1986 and 1990, Lubitz applied for, and was denied, promotion to the rank of Master. The position of Master requires strong verbal communication skills, especially during intricate and dangerous underway replenishment operations when the Master is responsible for communicating with various personnel on up to six phones. MSC contends its decision not to promote Lubitz was based on its belief that Lubitz lacked the requisite communication skills. In its findings, the district court concluded that Lubitz, as a result of his poor communication skills, was not qualified for the position of Master.
 
 II
 
 3
 Under Fed. R. Civ. Proc. 52(a), the district court's factual determinations are reviewed under the clearly erroneous standard, even if they resolve the ultimate issue of the action, such as whether there was discrimination. Dwyer v. Smith, 867 F.2d 184, 187 (4th Cir.
 
 
 4
 1989). To establish a prima facie case of employment discrimination under Title VII, the appellant must show that (1) he belongs to a protected class, (2) he applied and was qualified for a job that was open, (3) he was rejected, and (4) that the job remained open for others with similar qualifications. McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973); Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981).
 
 
 5
 In the present case, it is clear that the district court's finding that Lubitz was not qualified for the position of Master is not clearly erroneous. Anderson v. City of Bessemer City, N.C., 470 U.S. 573-74 (1985). There is substantial evidence in the record to support a determination that Lubitz had below average communication skills and that communication skills were indispensable in qualifying for the position of Master. Thus, the appellant was not qualified for the position sought, and consequently has not established a prima facie case of disparate treatment.[1]
 
 III
 
 6
 To establish a prima facie case of disparate impact the appellant must show that (1) there is an underrepresentation of the qualified members in the protected class promoted to the rank of Master, and (2) specific elements of the employer's criteria had a significant impact on the protected class. Wards Cove Packing Co. v. Antonio, 109 S.Ct. 2115, 2125 (1989).[2] The appellant's evidentiary support for his disparate impact claim is weak. The appellant fails to establish either prong of a prima facie case. As to the first prong, the appellant failed to present evidence as to which members of the protected class were qualified for promotion. See McNairn v. Sullivan, 929 F.2d 974 (4th Cir. 1991) (plaintiff failed to establish first prong when the evidence did not establish which of the black and Hispanic GS-3s were qualified to be promoted to GS-4 level); Mallory v. Booth Refrigeration Supply Co., Inc., 882 F.2d 908 (4th Cir. 1989) (no viable disparate impact claim where the plaintiffs failed to demonstrate how many employees in the pool were qualified to be supervisors even though no black had ever become a supervisor).
 
 
 7
 The appellant also failed to establish the second prong because he did not establish that the subjective decision of MSC had an adverse impact on the chances of qualified Filipinos to be promoted. McNairn, 929 F.2d at 979. The district court was correct in finding that the evidence of the three Filipinos rejected over time was insufficient to prove disparate impact. Accordingly, the district court's finding that appellant failed to establish a prima facie case of disparate impact is not clearly erroneous, Anderson, 470 U.S. at 573-74; there is simply no evidence in the record to support a claim of disparate impact.
 
 IV
 
 8
 Lubitz also contends that he was subject to retaliation for the filing of his administrative claim. After Lubitz was denied promotion in 1986, he filed a complaint with MSC alleging he was the subject of national origin discrimination.
 
 
 9
 From the outset, we note the retaliation claim was ambiguously pleaded in the complaint, did not appear in the district court's final pretrial order, and was vaguely referred to at trial. At argument, counsel for the appellee indicated that he believed the claim was withdrawn by the appellant. While the appellant's "shotgun" approach to litigating this retaliation claim provides us ample grounds to affirm, we believe the record before us is unmistakably clear that the appellant did not rebut the MSC's legitimate, non-discriminatory reasons for the personnel actions.
 
 
 10
 To establish a prima facie case of retaliation, the plaintiff must establish (1) that there was a statutorily protected participation, (2) that the participation was in opposition to conduct prohibited by Title VII, (3) that an adverse employment action occurred, and (4) that there was a causal link between the participation and the adverse employment action. McNairn, 929 F.2d at 980. If an individual establishes a prima facie case, the burden shifts to the defendant to show a legitimate, non-discriminatory reason for the personnel action. The ultimate burden is on the plaintiff to demonstrate that "but for" the participation in the protected activity, the personnel action would not have been taken.
 
 
 11
 We need not discuss this in great detail because the record is clear that even if Lubitz established a prima facie case of retaliation, he has not rebutted MSC's legitimate, non-discriminatory reasons for the personnel actions. It is clear on the record that the failure to promote was not based on appellant's filing of an administrative claim, but on his poor communication skills. In addition, the appellant's own witnesses buttress the inescapable conclusion that the poor evaluations that followed the 1986 filing of the administrative claim were due to appellant's poor communication skills and commensurate with assuming duties on a larger vessel. Thus, any error, and we do not suggest that there was, committed by the district court in failing to enter findings on this ambiguously pleaded and poorly presented[3] claim of retaliation was harmless because the appellant has not rebutted MSC's legitimate, non-discriminatory reasons for the personnel actions.
 
 V
 
 12
 Lubitz raises additional assignments of error, arguing that the district court committed reversible error for refusing to grant appellant's motion for a continuance and for refusing to admit certain testimony and exhibits. We find no merit to these arguments. Accordingly, we affirm the decision of the district court.
 
 AFFIRMED
 
 
 [1]
 Lubitz argues that this case is a "mixed motive" case under Price Waterhouse v. Hopkins, 109 S.Ct. 1175 (1989). The misconception of this argument lies in the fact that MSC did not rely on impermissible criteria when it denied Lubitz promotion. MSC did not rely on appellant's accent, but on his inability to communicate. Because communication skills were indispensable, MSC could rely on appellant's accent and how it would affect his onthe-job performance. In the context of this case, appellant's communication skills were not an illegitimate criteria, and therefore Price Waterhouse does not apply. See Fragante v. City and County of Honolulu, 888 F.2d 591 (9th Cir. 1989), cert. denied, 110 S.Ct. 1811 (1990) (no "mixed motive" case where plaintiff's accent materially interfered with job performance)
 
 
 [2]
 The vitality of the Wards Cove case is seriously questioned in light of the Civil Rights Act of 1991, effective November 21, 1991; one of the aims of the Act being to restore the concepts of business necessity and job relatedness to what they were before the Wards Cove decision. We need not address retroactivity, as appellant concedes, because this case was tried and decided before November 21, 1991
 
 
 [3]
 At oral argument, counsel for appellant indicated that the retaliation claim was the essence of appellant's case. The record belies this assertion. Throughout the course of the litigation below, only vague references to retaliation were made. In addition, after the district court entered its findings, counsel for appellant did not ask the court to enter findings with respect to the retaliation claim; nor did counsel make a motion for the district court to reconsider, alter or amend its judgment