37 F.3d 1495
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Oscar L. THOMAS, Plaintiff-Appellant,
v.
Michael P. W. STONE, Secretary of the Army; John Doe 1-5;
Equal Employment Opportunity Commission, Chairman;
Merit Systems Protection Board,
Defendants-Appellees.
Oscar L. THOMAS, Plaintiff-Appellant,
v.
Michael P. W. STONE, Secretary of the Army; John Doe 1-5;
Equal Employment Opportunity Commission, Chairman;
Merit Systems Protection Board,
Defendants-Appellees.
Oscar L. THOMAS, Plaintiff-Appellant,
v.
Michael P. W. STONE, Secretary of the Army; John Doe 1-5;
Equal Employment Opportunity Commission, Chairman;
Merit Systems Protection Board,
Defendants-Appellees.
 Nos. 93-1962, 93-2418, 94-1773.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 30, 1994.
Decided Oct. 21, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CA-93-49-A)
 Oscar L. Thomas, Appellant Pro Se.
 Richard Parker, Office of the U.S. Atty., Alexandria, VA, for Appellees.
 E.D.Va.
 DISMISSED.
 Before WIDENER and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Oscar Thomas appeals from the district court's orders denying the various motions submitted in his case, granting summary judgment on several of his claims, and dismissing his remaining claims after a bench trial. Our review of the record and the district court's opinions discloses that these appeals are without merit. Accordingly, we deny leave to proceed in forma pauperis on appeal and dismiss Thomas's appeals of the denial of his motions and the partial grant of summary judgment on the reasoning of the district court.* Thomas v. Stone, No. CA-93-49-A (E.D. Va. June 29, 1993; Sept. 1, 1993; Mar. 28 & Apr. 5, 1994).
 
 
 2
 After the bench trial on the remaining allegations, the district court found that Thomas failed to successfully bear the burden of proof. On appeal, factual findings made by the trial judge "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Fed.R.Civ.P. 52(a). The claims addressed at the trial were Thomas's assertions of discriminatory nonselection for ten positions, his claims of discriminatory and retaliatory discharge, and his general assertion of disparate impact.
 
 
 3
 Discriminatory nonselection. Thomas claims that because of his race and age he was not properly ranked for four non-appropriated fund (NAF) positions, and that he was denied selection on six appropriated fund (AF) positions. To successfully make out a claim of discrimination in hiring, the claimant must establish that he is a member of a protected class, he applied and was qualified for the position sought, he was rejected, and the employer kept the job search open or filled the position with a non-protected class member. Blue v. United States Dep't of Army, 914 F.2d 525, 536 (4th Cir.1990), cert. denied, 499 U.S. 959 (1991); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973). The defendant must then bring forth a legitimate explanation for the decision which the claimant must show is pretextual. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981). The burden of persuasion remains with the claimant throughout the trial. St. Mary's Honor Ctr. v. Hicks, 61 U.S.L.W. 4782 (U.S.1993).
 
 
 4
 Regarding the four NAF positions, Thomas admitted at the hearing that he would not have been selected for these positions because of preference regulations favoring family members. Hence, he failed to make out a prima facie case of discrimination because he admitted that he was not qualified for the positions.
 
 
 5
 As for the AF positions, two of the positions were cancelled and never filled. Thus, Thomas failed to prove that the job was held open after he was rejected or that it was filled with a non-protected class member. Blue, 914 F.2d 536.
 
 
 6
 Evidence at the trial also revealed that the hiring decisions in three of the other AF positions were made after Thomas had taken a job; thus, he was ineligible at the time the choice was made. Consequently, as to these three positions, he again failed to show he was qualified for the job at the time a selection was made. McDonnell Douglas, 411 U.S. at 802-04. As for the final AF position for which Thomas was not selected, Thomas acknowledged that the person selected was a veteran with a higher rank and actual experience in the requisite field. Consequently, Thomas failed to show that the Defendants' legitimate reasons for their selection decisions were pretextual, and that his nonselection was discriminatory.
 
 
 7
 As with his claims of discrimination in hiring, Thomas failed to establish that his discharge from his job was a result of discrimination or retaliation. Thomas provided no evidence at all that his race or age were factors in his discharge. As for retaliation, to successfully make out this claim he must show that he was performing protected activity, that his employer subjected him to adverse employment action, and that there is a causal link between the protected acts and the action. McNairn v. Sullivan, 929 F.2d 974, 980 (4th Cir.1991). The causal link can be inferred from the temporal proximity between the action and the retaliation. Id. The defendant must then show a legitimate, non-retaliatory reason for the action, which the claimant then bears the burden of proving is pretextual. Miller v. Fairchild Indus., Inc., 797 F.2d 727, 731 (9th Cir.1986), cert. denied, 494 U.S. 1056 (1990). Thomas alleged that because he refused to accept a settlement offer made in connection with a separate discrimination claim, he was discharged. However, Thomas failed to show that his supervisors knew of the settlement negotiations and he acknowledged that he had poor performance evaluations for the last five months he was on the job. Hence, Thomas neither established a causal link between his protected activity and his discharge, nor did he show that his poor performance evaluations were not the reason for his discharge. McNairn, 929 F.2d at 980.
 
 
 8
 Finally, Thomas provided no evidence of disparate impact. He did not show an underrepresentation of qualified blacks or older men in any of the positions he sought, nor did he identify a hiring policy which affected blacks or older men more harshly than others. McNairn v. Sullivan, 929 F.2d 974, 979 (4th Cir.1991).
 
 
 9
 Accordingly, we find that his claims have no merit. We deny in forma pauperis status on appeal and dismiss the appeals. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 DISMISSED
 
 
 *
 We also deny Thomas's motion to place the case in abeyance, his motion for the appointment of counsel on appeal, and his motion for judgment in favor of the appellant