106 F.3d 392
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Douglas H. STUP, Plaintiff-Appellant,
v.
Marvin T. RUNYON, Postmaster General, United States Postal
Service, Defendant-Appellee.
 No. 96-2426.
 United States Court of Appeals, Fourth Circuit.
 Jan. 22, 1997.
Submitted Jan. 9, 1997.
Decided Jan. 22, 1997.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Chief District Judge. (CA-95-1803-A)
 Douglas H. Stup, Appellant Pro Se.
 Marc R. Hillson, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.
 Before HALL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Douglas H. Stup appeals from the district court's adverse grant of summary judgment and dismissal of his employment discrimination and retaliation action. Stup's action was based on the Defendant's alleged improper charge against Stup of leave without pay for a twenty-four hour period. The Defendant's action was taken following Stup's undocumented absence in excess of six working days, in violation of applicable provisions of the United States Postal Service Employee and Labor Relations Manual, which provisions were known to Stup, and institutional practices.
 
 
 2
 Our review of the record and the district court's reasoning discloses that this appeal is without merit. Stup failed to establish a prima facie case of discriminatory retaliation. See Huang v. Board of Governors, 902 F.2d 1134, 1140 (4th Cir.1990); Williams v. Cerberonics, Inc., 871 F.2d 452, 457 (4th Cir.1989). Moreover, even assuming that Stup had established a prima facie case of retaliation, we agree with the district court that he failed to prove that the legitimate, nondiscriminatory reason Defendant proffered to support its determination that Stup should not be paid for the relevant time period was pretextual. See McNairn v. Sullivan, 929 F.2d 974, 980 (4th Cir.1991); Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir.1985); see also McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). We therefore affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED