**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOSHUA LA'LENDO BRAY,
Plaintiff-Appellant,

v.

No. 96-2519

TOGO D. WEST, JR., Secretary of the
Army, Department of the Army,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Robert R. Merhige, Jr., Senior District Judge.
(CA-95-1569-A)

Argued: September 29, 1997

Decided: December 17, 1997

Before WILKINS, Circuit Judge, PHILLIPS, Senior Circuit Judge,
and THORNBURG, United States District Judge for the
Western District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Brian Wayne Cubbage, PALEOS & KRIEGER, P.C.,
Alexandria, Virginia, for Appellant. Dennis Edward Szybala, Assis-
tant United States Attorney, Alexandria, Virginia, for Appellee. **ON
BRIEF:** W. Steven Paleos, PALEOS & KRIEGER, P.C., Alexandria,
Virginia, for Appellant. Helen F. Fahey, United States Attorney,

Alexandria, Virginia; Major Thomas M. Ray, Litigation Division, DEPARTMENT OF THE ARMY, Arlington, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

From an adverse jury verdict and judgment entered in his employment discrimination case, plaintiff appeals. He also appeals the district court's denial of his summary judgment motions and the court's granting of defendant's motions for judgment as a matter of law. For the reasons which follow, we affirm the district court.

In January 1984, the Army hired Bray, who is African American, as a shipping clerk in Wiesbaden, Germany, as a civilian overseas, limited-appointment employee. His term of employment was due to terminate in September 1984, but was extended in twelve-month increments on numerous occasions through October of 1992.

In March 1992, two positions became available for which Bray was qualified, one in Friedberg and the other in Kirch-Goens. Bray applied for the position in Friedberg, where he was then stationed, but elected not to apply for the Kirch-Goens position, which was subsequently filled. The Army abolished the position in Friedberg as part of its overall troop-force reduction and the concomitant reduction of the civilian work force.

Bray's overseas tour ended in October 1992, when his group commander disapproved the request of the civilian personnel specialist to extend Bray's tour. In August 1995, Bray applied for a position in Darmstadt, Germany, but was not selected. Based on these actions, Bray filed suit alleging discrimination.

2

A.

Bray appeals the jury's verdict denying his claim that he was subjected to discrimination because he was not hired for the support services supervisor position in Darmstadt in 1995. The proper standard for review of a jury verdict is stated in Price v. City of Charlotte, North Carolina, 93 F.3d 1241 (4th Cir. 1996)."Recognizing that we may not substitute our judgment for that of the jury or make credibility determinations, if there is evidence on which a reasonable jury may return verdicts in favor of Appellees, we must affirm." Id., at 1249-50 (citations omitted).

The trial evidence conclusively showed the selection of the candidate for the Darmstadt position was made by committee, the committee ranked Bray second in line for the job, and the job would have been offered to him had the first candidate declined. There is ample evidentiary basis to support the jury's verdict that the Army's decision not to hire Bray for the Darmstadt position was not the result of racial discrimination or retaliation.

B.

Appellant also seeks review of the district court's evidentiary rulings at trial. We review the evidentiary rulings of a trial court using an abuse of discretion standard. Redman v. John D. Brush & Co., 111 F.3d 1174, 1177 (4th Cir. 1997).

At trial, Bray sought to admit the statement of a person, since deceased, made before an Army fact finding conference investigating an Equal Employment Opportunity (EEO) complaint. The statement indicated that the deceased party heard an Army employee named Brueckner refer to an African American Army employee using a racial epithet. The exhibit in which the statement was contained did not identify Brueckner, did not disclose his relationship to the Army or Bray, did not contain any identification that the individual making the statement was in fact Brueckner, who in fact was Bray's supervisor.[1] The trial court sustained the appellee's objection to admission.

_____

[1] The record indicates that Bray called Brueckner as a witness but did not pursue any inquiry about a statement he may have made concerning another African-American employee.

3

Bray complains this ruling was erroneous because the statement was an admission by a party-opponent and therefore did not quality as hearsay under Rule 801(d)(2).**2** However, a proper foundation for admission was not established; thus, it was not admissible. See, e.g., E.E.O.C. v. Watergate at Landmark Condominium , 24 F.3d 635, 638, 640 (4th Cir.), cert. denied, 513 U.S. 866 (1994); Zaken v. Boerer, 964 F.2d 1319, 1324 (2d Cir.), cert. denied, 506 U.S. 975 (1992).

Bray contends that other party-opponent admissions were improperly excluded by the trial court as hearsay. Again, it was the failure of Bray's counsel to lay a proper foundation that resulted in these correct but adverse evidentiary rulings. Likewise, counsel failed to correctly pursue questioning of witness Wayne Thomas. And, the district court's ruling that the testimony of Mitchiko Hata was not relevant was not an abuse of discretion.

Bray next claims that the Army attempted to secrete the testimony of Thomas, after he allegedly told others at a July 7, 1996, meeting that he was dissatisfied with the selection process used for the Darmstadt job. Four days after that meeting, Thomas was transferred to another position. Counsel did not advise the court in what manner that transfer concealed Thomas' testimony and the court found it irrelevant. The court did not abuse its discretion in so doing. See also Fed. R. Evid. 402, 403. Bray's objections to the exclusion of exhibits are also without merit and need not be addressed.

As is made clear by the foregoing analysis, none of the evidentiary rulings to which appellant objects rise to the level of an abuse of discretion by the trial court. Redman, 111 F.3d at 1177.

C.

At the conclusion of Bray's evidence, the district court granted the appellee's motion for judgment as a matter of law on Counts I and II.

_____

**2** "A statement is not hearsay if [it] is offered against a party and is (A) the party's own statement in either an individual or a representative capacity . . . (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship. . . ."

4

As noted above, these counts alleged racial discrimination and retaliation by the Army in failing to extend Bray's overseas tour and in terminating the position for which he had applied in Friedberg.

> A court may only grant a motion for judgment as a matter of law . . . if, viewing the evidence in the light most favorable to the non-moving party and drawing every legitimate inference in that party's favor, the court "determine[s] that the only conclusion a reasonable trier of fact could draw from the evidence is in favor of the moving party."

Tools USA & Equipment Co. v. Champ Frame Straightening Equipment Inc., 87 F.3d 654, 656-57 (4th Cir. 1996) (citing Winant v. Bostic, 5 F.3d 767, 774 (4th Cir. 1993)).

To establish a prima facie case of retaliation, Bray must show (1) that he engaged in a protected activity; (2) the Army took an adverse employment action against him; and (3) a causal connection existed between the protected activity and the adverse action. McNairn v. Sullivan, 929 F.2d 974, 980 (4th Cir. 1991).

The record reflects that appellant had filed twenty-four EEO complaints during his civilian employment with the Army. The filing of EEO complaints is a protected activity and the Army took an adverse employment action by failing to extend Bray's overseas tour. However, Bray did not show a causal connection between the protected activity and the adverse action. The evidence at trial showed that Brueckner, Bray's supervisor, recommended that Bray's tour be extended despite the fact that this would create "surplus employees." However, Col. Young, the group commander, did not accept that recommendation because the Army was eliminating surplus civilian employees during its decrease in troop population in Germany. Brueckner was the only individual whom Bray claimed had a retaliatory or discriminatory motive against him. Bray failed to establish a causal connection between the protected activity and the adverse employment decision. "To avoid a directed verdict, the plaintiff must present sufficient evidence to establish a prima facie case." Gairola v. Commonwealth of Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285 (4th Cir. 1985). Thus, judgment as a matter of law was proper. Id.

5

As to Count II, in order to prove a prima facie case of discriminatory refusal to hire, Bray had to prove (1) he was a member of a protected group; (2) he applied for the position; (3) he was qualified for it; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994).

During the time at issue, there were two positions open for which Bray was qualified: one in Friedberg and one in Kirch-Goens. Bray did not apply for the position in Kirch-Goens and the Friedberg position was eliminated. Testimony presented at trial showed that the Friedberg position was eliminated as part of the troop-force reduction since Friedberg was not centrally located, did not have a major headquarters, and the tactical commander was located in Kirch-Goens. Moreover, the position was never reinstated. This evidence failed to give "rise to an inference of unlawful discrimination." Id. Having failed to establish a prima facie case, judgment as a matter of law was appropriate. Gairola, supra.

Moreover, "[o]nce the defendant offers a nondiscriminatory justification for the [action], the burden of persuasion remains on the plaintiff to demonstrate that the proffered explanation is pretextual and the defendant was actually motivated by discriminatory intent." Brinkley-Obu v. Hughes Training, Inc., 36 F.3d 336, 344 (4th Cir. 1994). Bray's evidence showed nothing more than his own suspicion and speculation. "[T]he case should be withdrawn from the jury when any verdict in favor of the nonmoving party necessarily will be premised upon `speculation and conjecture.'" Gairola, 753 F.2d at 1285 (citation omitted). The Army's uncontroverted legitimate and nondiscriminatory reasons for the employment action warranted judgment as a matter of law. Judgment as a matter of law on both Counts I and II was clearly proper.

Finally, appellant claims that the trial court erroneously denied his motion for a new trial. While the appellant moved for a mistrial based on the district court's evidentiary rulings, there is no evidence in the record that he moved for a new trial. We therefore decline to reach that issue.

D.

We need not address appellant's contention that summary judgment was improperly denied him before trial, given our holding in Chesapeake Paper Products Co. v. Stone & Webster Engineering Corp., 51 F.3d 1229 (4th Cir. 1995), that an appeal of the denial of a motion for summary judgment will not be heard after a full trial and judgment on the merits, unless a cross-motion for summary judgment on the same claim has been granted. Id., at 1237, n.11. See also 10A Wright, Miller, & Kane, Federal Practice & Procedure: Civil 2d, § 2728.

Accordingly, the judgment of the district court is

AFFIRMED.

7