**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KIMBERLY F. GODON,
Plaintiff-Appellant,

v.

NORTH CAROLINA CRIME CONTROL &
PUBLIC SAFETY; NORTH CAROLINA
TARHEEL CHALLENGE ACADEMY;
KENNETH STALLS, in his individual

and official capacities; DALE
AUTREY, in his individual and
official capacities; LESLIE T.
EVERETT, in his individual and
official capacities; STATE OF NORTH
CAROLINA,
Defendants-Appellees.

No. 97-1458

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Terrence W. Boyle, Chief District Judge.
(CA-96-804-5-BO)

Argued: March 4, 1998

Decided: April 23, 1998

Before WILKINSON, Chief Judge, NIEMEYER, Circuit Judge, and
CLARKE, Senior United States District Judge for the
Eastern District of Virginia, sitting by designation.

_____

Affirmed in part, reversed in part, and remanded by unpublished per
curiam opinion.

_____

**COUNSEL**

**ARGUED:** Marvin Schiller, Raleigh, North Carolina, for Appellant. Isaac T. Avery, III, Special Deputy Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees. **ON BRIEF:** Reuben F. Young, Assistant Attorney General, NORTH CAROLINA DEPARTMENT OF JUSTICE, Raleigh, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kimberly F. Godon sued the Tarheel Challenge Academy and other defendants alleging that her discharge from the Academy violated her constitutional rights, Title VII, and North Carolina law. The district court dismissed Godon's federal claims, declined to exercise jurisdiction over her state claims, and denied Godon leave to amend her complaint. We affirm in part, reverse in part, and remand the case to the district court.

I.

Godon appeals a decision granting defendants' motion to dismiss, so we accept as true the facts alleged in the complaint. McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 327 (4th Cir. 1996) (en banc). The Tarheel Challenge Academy, a division of the North Carolina Department of Crime Control and Public Safety, provides teaching and training in a boot camp environment to former high school drop-outs, known as cadets. Cadets, whose ages range between sixteen and nineteen, attend the Academy in order to receive a general equivalency diploma. As a team leader employed by the Academy, Godon supervised the training of the cadets.

2

In April 1995, Godon complained to Kenneth Stalls, Assistant Director of the Academy, and Dale Autrey, Assistant Commandant, about their discriminatory treatment of black and female cadets. Godon protested that Stalls and Autrey were terminating black and female cadets without cause while permitting white male cadets to remain at the Academy even when they had committed offenses warranting termination. Godon was fired from the Academy on approximately May 17, 1995.

Godon filed suit against Stalls, Autrey, Leslie Everett (Director of the Academy), the Academy, the Department of Crime Control and Public Safety, and the State of North Carolina. Godon claimed that she was discharged in retaliation for her complaints in violation of the United States Constitution, Title VII, and North Carolina law. She sought compensatory and punitive damages, reinstatement to her former position, and other relief. The district court dismissed Godon's federal claims, declined to exercise supplemental jurisdiction over her state claims, and denied Godon's motion for leave to amend her complaint. Godon now appeals the dismissal of her federal claims and the denial of leave to amend her complaint.

II.

We first turn to Godon's claim that her discharge violated her First Amendment rights. The district court held that Godon's complaint failed to state a claim because her speech did not address a matter of public concern but merely expressed her personal dissatisfaction with defendants' disciplinary practices. We conclude that the complaint, though vague, states a claim under the First Amendment; we must therefore reverse the district court's dismissal of this claim.

To state a claim for retaliatory discharge under the First Amendment, a plaintiff must satisfy a three-part test. First, the employee must be speaking "as a citizen upon matters of public concern" and not "as an employee upon matters only of personal interest." Connick v. Myers, 461 U.S. 138, 147 (1983); accord DiMeglio v. Haines, 45 F.3d 790, 805 (4th Cir. 1995). Second, the employee's interest in speaking upon the matter must outweigh "the government's interest in the effective and efficient fulfillment of its responsibilities to the public." Connick, 461 U.S. at 150; accord Stroman v. Colleton

3

County Sch. Dist., 981 F.2d 152, 156 (4th Cir. 1993). Finally, the employee's speech must have been a substantial factor in the employer's termination decision. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Hanton v. Gilbert, 36 F.3d 4, 7 (4th Cir. 1994).

Both the Supreme Court and this circuit have observed that an employee's complaints of discrimination can be speech on a matter of public concern. See Connick, 461 U.S. at 146; Cromer v. Brown, 88 F.3d 1315, 1326 (4th Cir. 1996). Godon's complaint alleges that she spoke with both Stalls and Autrey "about their discriminatory treatment of female and black cadets" at the Academy. Compl. ¶ 14. Specifically, she protested that they were "discriminatorily and disproportionately terminating female and black cadets without cause while permitting white male cadets to remain enrolled in the program even when they committed infractions sufficiently severe for them to be terminated from the program." Id.

The district court looked beyond the content of Godon's criticisms and found that they did not address a matter of public concern because of the form and context in which Godon made them. We agree that, in addition to content, the form and context of an employee's speech are important factors in determining whether it is entitled to First Amendment protection. Connick, 461 U.S. at 147-48; Hall v. Marion Sch. Dist. No. 2, 31 F.3d 183, 192 (4th Cir. 1994). However, those factors are of limited utility at this stage because Godon's complaint offers only scant details about the form and context of her criticisms. The complaint merely alleges that Godon raised her concerns with Stalls and Autrey. That Godon chose to raise them with her employer rather than the public does not automatically deprive her speech of all constitutional protection. Givhan v. Western Line Consol. Sch. Dist., 439 U.S. 410, 415-16 (1979). Thus, we cannot conclude that Godon's complaints of discrimination, though raised internally, could never address a matter of public concern.

Defendants contend that, even if Godon's speech may have addressed a matter of public concern, it is apparent from the complaint that their interest in the effective provision of services at the Academy outweighs Godon's interest in speaking. Specifically, they claim that Godon's criticisms threatened to disrupt the Academy's

4

boot camp environment that depended on a high degree of discipline and the absence of dissent.

Defendants' argument may ultimately prove persuasive, but it cannot prevail at this very early stage. "A government employer, no less than a private employer, is entitled to insist upon obedience to the legitimate, day-to-day decisions of the office without fear of reprisal in the form of lawsuits from disgruntled subordinates who believe that they know better than their supervisors how to manage office affairs." DiMeglio, 45 F.3d at 806. And the employer does not have "to allow events to unfold to the extent that the disruption of the office and the destruction of working relationships is manifest before taking action." Connick, 461 U.S. at 152 (footnote omitted). The complaint, however, does not reveal the manner, time, place or context in which the present disagreement arose. See id. at 153 (finding the manner, time, place, and context of the statements relevant to the balancing test). As a result, we cannot yet ascertain whether and to what extent Godon's protests were actually or potentially disruptive of the Academy's mission.**1**

Finally, Godon's complaint sufficiently alleges that her speech was a substantial factor in her discharge. The complaint avers that the reasons given in Godon's discharge letter "were false and a pretext for Defendants' retaliation for Plaintiff's aforesaid statements." Compl. ¶ 15. It further maintains that Godon "was discharged from her employment . . . as a consequence of the exercise of her freedom of speech under the 1st and 14th Amendments to the United States Con-

_____

**1** For similar reasons, at this stage we also cannot entertain the individual defendants' claims of qualified immunity. Defendants contend, and we agree, that qualified immunity often will shield parties from liability for First Amendment retaliation claims "because the relevant inquiry requires a `particularized balancing' that is subtle, difficult to apply, and not yet well-defined." DiMeglio, 45 F.3d at 806 (citations omitted); accord Cromer, 88 F.3d at 1330 n.11. Absent a more complete record, however, we cannot apply that balancing test and determine whether a reasonable official would have known that firing Godon violated a clearly established constitutional right. Once that record is developed, the district court may determine the immunity question.

5

stitution." Id. ¶ 18. In sum, Godon's complaint states a claim of retaliation in violation of her First Amendment rights. **2**

In holding only that Godon's complaint survives a motion to dismiss under Rule 12(b)(6), we offer no opinion on whether the claim will ultimately prove to be meritorious or on whether it should proceed to trial. On remand and after discovery, the district court must determine whether issues of triable fact exist on the elements of plaintiff's claim.

III.

We next consider Godon's Title VII claims. Godon contends that her complaint states claims of retaliatory discharge and sex discrimination in violation of Title VII. The district court held that no factual allegations in the complaint supported these claims. We agree that Godon's complaint fails to state a violation of Title VII and therefore affirm the district court's dismissal of these claims.

We first turn to Godon's retaliation claim. In relevant part, Title VII prohibits employers from discriminating against employees because they have "opposed any practice made an unlawful employment practice." 42 U.S.C. § 2000e-3(a). To state a prima facie case of retaliation, an employee must show that (1) she engaged in protected activity; (2) the employer took an adverse employment action against her; and (3) a causal connection exists between the protected activity and the adverse action. Hopkins v. Baltimore Gas & Elec. Co., 77 F.3d 745, 754 (4th Cir. 1996); McNairn v. Sullivan, 929 F.2d 974, 980 (4th Cir. 1991). Godon's complaint, however, nowhere alleges that she opposed an employment practice at the Academy.

_____

**2** In the district court Godon sought to amend her complaint primarily to add allegations about Everett's involvement in her discharge. The district court denied her leave to amend her complaint on the ground that amendment would be futile and would not affect the court's legal analysis. We generally defer to district court decisions about whether leave to amend should be granted. National Bank of Wash. v. Pearson, 863 F.2d 322, 327 (4th Cir. 1988). In light of our disposition of Godon's First Amendment claim, we believe the district court should reconsider whether to allow Godon to amend her complaint.

Rather, it states merely that she disagreed with certain disciplinary practices, namely the expulsion of cadets. Godon's protests, therefore, do not constitute a protected activity within the meaning of Title VII. Her complaint thus fails to state a Title VII retaliation claim.

Nor does her complaint state a claim of sex discrimination. To do so, an employee must show that the employer discriminated with respect to the "compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). Godon's complaint does not aver that anyone at the Academy discriminated against Godon, nor does it mention any facts that might give rise to any inference of discrimination. See Karpel v. Inova Health Sys. Servs., 134 F.3d 1222, 1227-28 (4th Cir. 1998). Moreover the allegations supporting Godon's free speech claim -- that she was discharged because of her complaints -- undercut any argument that she was discharged because of her sex. In sum, Godon's complaint does not support -- and indeed undermines -- her claim that her employer discriminated against her because of her sex. Accordingly, the district court properly dismissed this claim.

IV.

In summary, we reverse the district court's dismissal of Godon's First Amendment claim. We affirm its dismissal of the Title VII claims. The case is remanded for further proceedings consistent with this opinion.

AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED

7