**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TERRI L. WHITEHEAD,
Plaintiff-Appellant,

v.                                                          No. 98-1821

R.J. REYNOLDS TOBACCO COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CA-95-3549-L)

Submitted: December 22, 1998

Decided: February 8, 1999

Before WIDENER, LUTTIG, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brian L. Wallace, Baltimore, Maryland, for Appellant. Russell H.
Gardner, Charles J. Kresslein, PIPER & MARBURY, L.L.P., Balti-
more, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Terri L. Whitehead appeals from the district court's grant of summary judgment in favor of Defendant R.J. Reynolds Tobacco Company ("RJR") in Whitehead's employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-5 (1994), and 42 U.S.C. § 1981 (1994). Finding no error, we affirm.

Whitehead, an African-American female, began working for RJR as a sales representative in 1984. In 1987, RJR promoted Whitehead to the position of special resources manager, an entry level manager position, in its Baltimore Division. In 1989 she was reassigned to the position of special accounts manager. In 1991, Whitehead was transferred to an identical position in RJR's Annapolis Division, in part to protect Whitehead from her Baltimore Division manager's "difficult" managerial style.

Following a restructuring in 1993, RJR closed its Annapolis Division and Whitehead was reassigned to RJR's Herndon, Virginia, office where she continued to work as a special accounts manager. In 1993, Whitehead requested but was denied permission to work out of the Burtonsville, Maryland, office because the files, support staff, supervision, and equipment needed for her position were all located in the Herndon, Virginia, office and RJR planned to close the Burtonsville office. Nonetheless, RJR made efforts to minimize Whitehead's time in Herndon by providing her with a fax machine so she could work from home and excusing her from regularly scheduled office hours.

During this time Whitehead wanted to be promoted to a division manager. RJR did not have a formal application process for division manager positions, but instead developed a list of employees who were eligible for promotion, called the "NOW" list. An entry level manager would be placed on the "NOW" list if he or she met all of the job requirements and was recommended by his or her division manager.[1] At her two most-recent annual performance evaluations,

_____

[1] Both parties note that the selection criteria for placement on the "NOW" list was entirely subjective and depended upon the recommenda-

2

Whitehead received the second lowest evaluation of "met minimum expectations." Further, Whitehead was never placed on the "NOW" list, and consequently was ineligible for promotion to division manager. Whitehead was, however, regarded as having potential for promotion, and was therefore identified as a candidate for management development.**2**

In July 1995, RJR announced that it would begin implementing a restructuring program called "Salesforce 2000." Under this program, those who received the rating of "met minimum expectations" would be offered reassignment to a position with typically lower pay and incentives or a severance package.

Whitehead filed a complaint with the Equal Employment Opportunity Commission ("EEOC") on August 4, 1995, contending that she was not promoted and was offered unfavorable terms and conditions of employment because of her race and sex, in violation of Title VII and § 1981. Then on August 16, 1995, based on her "met minimum expectations" evaluations, Whitehead was offered an area sales representative position.**3** Although Whitehead accepted this position, she amended her EEOC complaint contending that RJR unlawfully retaliated against her for filing a charge of discrimination, in violation of Title VII.**4** The district court granted RJR's motion for summary judgment.

_____

tion of an employee's supervisor. There were no guidelines or specific reporting requirements for RJR managers to develop employees, and it was within the discretion of the individual manager to determine what particular developmental assistance to provide to an employee.

**2** The defense presented testimony that in addition to the "NOW" list, the company had a "Developmental" list. This list consisted of employees who had the ability to be added to the "NOW" list once they gained more experience.

**3** This position had a lower base pay than Whitehead's special accounts manager position. In addition, this position offered reduced potential for future pay raises. RJR concedes that the area sales representative position reflected a demotion in status.

**4** In addition to the discrimination-based claims Whitehead advanced under Title VII and § 1981, she brought claims for negligent supervision and breach of implied conditions of employment. She abandoned these claims on appeal.

We review the district court's grant of summary judgment de novo and affirm only if the record reveals no genuine issue of material fact. See Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). The scheme of proof established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), applies to Whitehead's race and gender discrimination claims under Title VII, as well as her race discrimination claim under § 1981. See Patterson v. McLean Credit Union, 491 U.S. 164, 186 (1989); Mallory v. Booth Refrigeration Supply Co., 882 F.2d 908, 910 (4th Cir. 1989).

Whitehead's first claim is that the district court erred when it found that her § 1981 claims based on discriminatory acts that took place before November 21, 1992, were barred by the statute of limitations. Claims brought under § 1981 are governed by the statute of limitations for personal injury actions in the state where the suit is brought. See Grattan v. Burnett, 710 F.2d 160, 161-63 (4th Cir. 1993); cf. Wilson v. Garcia, 471 U.S. 261, 280 (1985) (applying state statutes of limitations to claims brought under 28 U.S.C.A. § 1983 (West Supp. 1998)). Maryland's limitations period for personal injury actions is three years. See Md. Cts. & Jud. Proc. Code Ann. § 5-101 (1995). Whitehead's suit was filed on November 21, 1995; therefore her § 1981 claims based on discriminatory acts that took place prior to November 21, 1992, were time-barred.

Whitehead seeks to circumvent the statute of limitations bar on the basis of the continuing violation doctrine. Whitehead may not argue the continuing violation doctrine in this court because she did not raise the issue in the district court. As this court has repeatedly held, issues raised for the first time on appeal generally will not be considered. See National Wildlife Fed'n v. Hanson, 859 F.2d 313, 318 (4th Cir. 1988). Exceptions to this general rule are made only in very limited circumstances, such as where refusal to consider the newly raised issue would be plain error or would result in a fundamental miscarriage of justice. See National Wildlife Fed'n , 859 F.2d at 318. Whitehead has not argued that exceptional circumstances justifying departure from the general rule are present, and based on the record before this court, there are no exceptional circumstances warranting such departure.

Whitehead next contends that the district court erred when it found that she failed to establish that she was qualified for the position of

4

district manager and that she was denied this promotion under circumstances giving rise to an inference of unlawful discrimination. Specifically, she asserts that RJR's failure to place her on the "NOW" list cannot be equated with lack of qualifications when the decision to place an employee on the list is based upon the subjective beliefs of the employee's manager.

Before the district court Whitehead alleged that RJR's system for identifying and selecting those employees at her level who would be placed on the "NOW" list had a disparate impact on African-Americans and women.[5] In Whitehead's appellate brief she shifts her focus to allege a failure to promote claim. We need not decide whether this issue is waived based on Whitehead's failure to raise it more specifically in the district court because we find the claim fails on the merits. To establish a prima facie case of discriminatory failure to promote the plaintiff must show that he or she: (1) is a member of a protected group; (2) applied for the position in question; (3) was qualified for the position; and (4) was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. McNairn, 929 F.2d at 977; see also Carter v. Ball, 33 F.3d 450, 458 (4th Cir. 1994). We find that Whitehead fails to meet the third and fourth criteria. According to the record she was not qualified for the position of district manager for two reasons. First, she was not on the "NOW" list due to the fact that she received a"met minimum expectations" evaluation. Second, it does not appear from the record that she was otherwise qualified for the "NOW" list because she needed

_____

[5] We find the district court properly dismissed this claim. To prove that subjective promotion criteria are discriminatory, the plaintiff must show "(1) that there is an underrepresentation of the qualified members in a protected class promoted to the positions at issue, and (2) that specific elements of the employer's promotion criteria had a significant impact on the protected class." McNairn v. Sullivan, 929 F.2d 974, 979 (4th Cir. 1991). Whitehead failed to demonstrate an underrepresentation of qualified African-American or female employees promoted to the job of division manager, and that specific elements of RJR's evaluation process had a significant disparate impact on African-Americans and/or females. See International Bhd. of Teamsters v. United States, 431 U.S. 324, 335-36 n.15 (1977); see also McNairn, 929 F.2d at 979. Indeed, there was evidence that RJR encouraged its managers to identify and to promote qualified female and minority employees.

additional experience. Nor has Whitehead shown that RJR's decision not to promote her or place her on the "NOW" list of employees occurred under circumstances giving rise to an inference of illegal discrimination. See St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 507-08 (1993). Consequently, this claim is without merit.

Finally, Whitehead claims that the district court's conclusion that RJR had articulated a nondiscriminatory reason for its failure to promote her to district manager was erroneous. In light of the fact that Whitehead failed to establish a prima facie case of discrimination, we need not address whether the employer stated a legitimate nondiscriminatory reason for its actions, or whether the court erred in concluding that such a reason existed. See McDonnell Douglas, 411 U.S. at 802-03.

Accordingly, we affirm the district court's grant of summary judgment in favor of RJR. We grant RJR's motion to submit the case on the briefs and dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

6