**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

GARRY R. THOMPSON,
Plaintiff-Appellant,

v.

FRANK B. KELSO, II, Admiral,

No. 96-2224

Acting Secretary of the Navy; L. H.
BAILY, Deputy, Maintenance
Branch, U. S. Marine Corps;
TRELEASE, Lieutenant Colonel,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CA-95-1738-A)

Submitted: July 15, 1997

Decided: September 16, 1997

Before LUTTIG and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Richard S. Brooks, Arlington, Virginia, for Appellant. Helen F.
Fahey, United States Attorney, Janet Rehnquist, Assistant United
States Attorney, Alexandria, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Garry R. Thompson appeals the district court's order dismissing Thompson's complaint, which alleged racial discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 (1994). Specifically, Thompson alleged that he was denied a promotion based upon his race and that he suffered reprisals for bringing administrative complaints. The district court found that Thompson's complaint failed to create a genuine issue of material fact with respect to the elements of a prima facie case and granted the Appellees' motion for summary judgment. Finding no error, we affirm.

Thompson, an African-American male, was one of seven individuals who applied for the Physical Sciences Technician position located at the Quantico Marine Base. Thompson was one of two"status" employees who applied for the position.* The other status employee was a white male. The remaining five applicants were outside or "non-status" applicants. Due to a miscommunication, the administrative staff only reviewed the records and credentials of the non-status applicants for the vacancy. Thompson asserted that his credentials were not forwarded because of his race.

A prima facie case of racial discrimination is established when a complainant proves (1) "that he belongs to a racial minority; (2) that he applied and was qualified for a job for which the employer was seeking applications; (3) that despite his qualifications, he was rejected; and, (4) that, after his rejection, the position remained open and the employer continued to seek applications from persons of the complainant's qualifications." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973).

_____

*Those persons already employed with the federal government are classified as "status" employees.

2

The record in this case, considered in the light most favorable to Thompson, reveals that his application for the vacancy and his supporting credentials were not submitted to the proper decision-making authorities. Therefore, his application was neither considered nor rejected on any basis. And because Thompson's application was not the only one that did not reach the proper authorities, he has failed to prove that the omission was based on his race. Accordingly, we find that the district court properly dismissed Thompson's claim of racially discriminatory failure to promote.

Thompson also alleged retaliation, claiming that after he filed an Equal Employment Opportunity (EEO") complaint, certain persons initially did not make his personnel file available to the EEO counselor investigating his claims. To establish a prima facie case of retaliation, Thompson must show that (1) he engaged in protected activity; (2) his employer took adverse employment action against him; and (3) a sufficient causal connection existed between his protected activity and his employer's adverse employment action. See McNairn v. Sullivan, 929 F.2d 974, 980 (4th Cir. 1991). We find that Thompson has failed to prove that his employers took any adverse employment actions against him. In fact, the record establishes that Thompson has routinely been held in high regard and has since been promoted.

We therefore affirm the district court's grant of summary judgment for the Appellees. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3